IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GARY WAYNE BARNES #318814 | § | |
| | § | |
| V. | § | A-11-CA-657-SS |
| | § | |
| RICK THALER, RISSIE L. OWENS, | § | |
| and TROY FOX | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and memorandum in support. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his civil rights complaint, Plaintiff was confined in the Ramsey Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff asserts he was convicted and sentenced to life imprisonment on February 27, 1981 for crimes committed in 1980. Plaintiff requests his sentence be corrected or changed to a number of years so that a mandatory supervision date may be calculated. According to Plaintiff, he has accumulated 87 years, 4 months and 6 days in mandatory supervision time credits.

1

Plaintiff challenges the decision of the Texas Court of Criminal Appeals in Ex Parte Franks, 71 S.W.3d 327, 327-28 (Tex. Crim. App.2001). In Franks, the Texas Court of Criminal Appeals determined the Texas mandatory supervision statute does not permit a life-sentenced inmate to be eligible for release to mandatory supervision. Plaintiff contends the court retroactively changed the legislative intent of the mandatory supervision statute and is an ex post facto violation. He further contends the Franks opinion violates the Separation of Powers Doctrine. Plaintiff argues the Franks opinion voids the jury's instruction in Plaintiff's criminal trial and violates due process.

Plaintiff sues Rick Thaler, Rissie L. Owens, and Troy Fox. He requests a declaratory judgment of $5,000,000.00, compensatory damages in the amount of $1,000,000.00, declaratory judgments against each of the defendants in the amount of $1,000,000.00, unspecified injunctive relief, attorney's fees, and court costs.

## DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no

2

license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

    B.    Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

    C.    Heck v. Humphrey

Plaintiff's claims are also barred by Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his convictions have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.

In fact, Plaintiff was convicted of burglary of a habitation and two counts of rape. State v. Barnes, Case Nos. F81-1105, F81-1027, and F81-2518 (Crim. Dist. Court No. 3, Dallas County). Punishment was assessed at life imprisonment. Id. A second jury found Plaintiff guilty of a third count of aggravated rape for which he was also sentenced to life imprisonment. See State v. Barnes, Cause No. F80-16530 (Crim. Dist. Court No. 3, Dallas County). All convictions were affirmed on direct appeal. Plaintiff unsuccessfully challenged his convictions in state and federal habeas corpus proceedings. Barnes v. McCotter, 3:85-CV-2116-T (N.D. Tex. Feb. 3, 1986) (dismissing petition without prejudice for failure to exhaust state remedies); Barnes v. Director, No. 3:86-CV-1075-R (N.D. Tex. Dec. 28, 1987) (denying habeas relief on the merits); Barnes v. Director, No. 3:89-CV-1073-H (N.D. Tex. July 11, 1991) (denying habeas relief on the merits); Barnes v. Collins, No. 3:93-CV-0707-G (N.D. Tex. July 12, 1994) (dismissing habeas petition as successive pursuant to Rule 9 of the Rules Governing § 2254 Proceedings), aff'd, No. 94-10750 (5th Cir. 1995). Plaintiff also filed a habeas petition claiming he was entitled to be released to mandatory supervision from his four life sentences. See Barnes v. Cockrell, No. 3:01-CV-0823-L (N.D. Tex. Aug. 12, 2002) (denying habeas relief because an inmate sentenced to life imprisonment is not eligible for release to mandatory supervision), aff'd, No. 02-11001 (5th Cir. Apr. 10, 2003). Plaintiff also filed subsequent habeas petitions complaining about the admission of extraneous offense evidence at his trials. Barnes v. Thaler, No. 3:09-CV-1770-O (N.D. Tex. Nov. 16, 2009) (dismissing successive petition for want of jurisdiction); Barnes v. Thaler, No. 3:09-CV-1769-G (N.D. Tex. Dec. 15, 2009) (dismissing successive petition). Accordingly, Plaintiff's claims challenging his continued confinement should be dismissed without prejudice to refile once the conditions of Heck are met.

4

D. Merits

In addition, Plaintiff's claims are frivolous. At the time of Plaintiff's offenses, the Texas statute governing eligibility for release to mandatory supervision provided that an inmate not under sentence for death "shall be released to mandatory supervision" when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." TEX. CRIM. PROC. CODE ANN. art. 42.12, § 15(c) (Vernon 1981). In Ex Parte Franks, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001) the Texas Court of Criminal Appeals determined the Texas mandatory supervision statute at issue in the present case does not permit a life-sentenced inmate to be eligible for release to mandatory supervision. The state court construed the plain language of the mandatory supervision statute and explained that "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." Id. at 328.

In Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002), the Fifth Circuit held a life-sentenced inmate is not eligible for release to mandatory supervision under the 1977 version of the Texas mandatory supervision statute. The court determined that the state court's reasoning in Franks was determinative because the 1977 version of the mandatory supervision statute was substantively identical to the version of the law at issue in Franks. See Arnold, 306 F.3d at 279. The Fifth Circuit particularly noted it was not its function to review a state's interpretation of its own law, and the court therefore deferred to the Texas Court of Criminal Appeals's reading of the statute. Id. Plaintiff's assertions concerning his eligibility for mandatory supervision therefore are foreclosed by the Fifth Circuit's decision in Arnold.

5

To the extent Plaintiff argues the defendants' actions were tantamount to a due process violation, he also has not shown that he is entitled to relief. Because Plaintiff is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutionally protected interest in previously earned good-time credits. See Teague v. Quarterman, 482 F.3d 769, 773-77 (5th Cir. 2007); Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000). He also has not stated a federal constitutional violation based on the separation of powers doctrine. Sweezy v. New Hampshire, 354 U.S. 234, 255, 77 S. Ct. 1203 (1957).

Plaintiff's ex post facto claim is also frivolous. Article I, Section 10 of the United States Constitution prohibits states from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed, or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28, 101 S. Ct. 960 (1981). To constitute an ex post facto violation, a change in the law "must be both retroactive and to a prisoner's detriment." Hallmark v. Johnson, 118 F.3d 1073, 1077-78 (5th Cir. 1997). A change in the law is retroactive if it applies to events occurring before its enactment. Lynce v. Mathis, 519 U.S. 433, 117 S. Ct. 891 (1997). A law is to a prisoner's detriment if it creates a sufficient risk of increasing the punishment attached to a petitioner's crime. McCall v. Dretke, 390 F.3d 358 (5th Cir. 2004). Plaintiff has failed to identify any statutory provision which was in effect at the time his offenses were committed which would have made him eligible for release on mandatory supervision. He simply disagrees with the interpretation of the statute by the defendants that an inmate's flat time plus his good time can never be calculated as equal to a life sentence.

To the extent Plaintiff is asserting the actions of the defendants constituted a violation of equal protection his claim similarly fails. The Equal Protection Clause of the Fourteenth

Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. The basis of an equal protection claim is, thus, the requirement that all persons similarly situated should be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1989); Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2282, 2394 (1982); Piotrowski v. City of Houston, 237 F.3d 567, 578 n.15 (5th Cir. 2001). By way of his complaint, Plaintiff maintains he is being treated differently from other inmates who are subject to a different statutory scheme governing mandatory supervision. Thus, he has failed to allege differential treatment for similarly situated individuals. Plaintiff's claim of an equal protection violation therefore fails on its face. See Longoria v. Dretke, 507 F.3d 898, 904 (5th Cir. 2007) (to prevail on equal protection claim, plaintiff must show that the defendants "purposefully discriminated against him and that he was treated differently from similarly-situated prisoners").

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of August, 2011.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE